MEMORANDUM *
Defendant Cho-Ing (Bruno) Tseng appeals his conviction for wire fraud in connection with his alleged kidnaping in Venezuela. We affirm.
1. The Confrontation Clause argument was not preserved, so we review for plain error. United States v. Jawara, 474 F.3d 565, 583 (9th Cir.2007). There was no plain error in allowing the minimal hearsay testimony from Agent Cordero, because the evidence was offered for a non-hearsay purpose and the court gave a limiting instruction.
2. We review for abuse of discretion the district court’s admission of lay opinion testimony. United States v. Matsumaru, 244 F.3d 1092, 1101 (9th Cir.2001). The questions to Agent Cordero did not ask for testimony about an ultimate issue of fact in the case, because the existence of a kidnaping is not an element of wire fraud and the agent was not asked to express a view regarding Defendant’s guilt or innocence. Therefore, the district court did not abuse its discretion in overruling the “lay opinion” objection. Even if there were error, any error was harmless beyond a reasonable doubt. United States v. Boulware, 384 F.3d 794, 808 (9th Cir.2004). Defendant confessed several times, including in his own handwriting, that he faked his kidnaping because he was mad at his wife.
3. We review de novo alleged violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). United States v. Holler, 411 F.3d 1061, 1066 (9th Cir.2005). Assuming the phone records were favorable to Defendant, he can show no prejudice because he had the chance to examine the records overnight and introduce them. Therefore, no Brady violation occurred. There was no violation of Federal Rule of Criminal Procedure 16(a)(1)(E), because the government gave the records to Defendant as soon as he asked for them.
4. We review for abuse of discretion a district court’s denial of a motion to produce a witness’ statement under the Jencks Act, 18 U.S.C. § 3500(b). United States v. Pisello, 877 F.2d 762, 764 (9th Cir.1989). The government complied with its Jencks Act obligations. The government did not possess the reports compiled by Venezuelan law enforcement authorities, and there is no showing of constructive possession or collaboration.
5. We review for abuse of discretion the district court’s ruling on the relevance of evidence. United States v. Tatoyan, 474 F.3d 1174, 1178 (9th Cir.2007). The district court did not abuse its discretion in excluding the State Department Consular Information Sheet for China, because it pertained to activities in China, not activities in South America involving Chinese nationals.
6. We review de novo the denial of a motion to suppress, while the underlying factual findings are reviewed for clear error. United States v. Davis, 530 F.3d 1069, 1077 (9th Cir.2008). The Fourth
*952 Amendment exclusionary rule generally does not apply to foreign searches by foreign officials in enforcement of foreign law. See United States v. Verdugo-Urquidez, 494 U.S. 259, 274-75, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990) (declining to extend the exclusionary rule to a search by the Mexican government in Mexico). However, under the “joint venture” doctrine, “if American law enforcement officials participated in the foreign search, or if the foreign authorities actually conducting the search were acting as agents for their American counterparts, the exclusionary rule can be invoked.” United States v. Rose, 570 F.2d 1358, 1362 (9th Cir.1978) (internal quotation marks omitted). In this case, the Venezuelan authorities were not acting in a joint venture with the United States, because Defendant was arrested by Venezuelan officials for violations of Venezuelan immigration laws, an offense not connected to the alleged kidnaping. Therefore, the Fourth Amendment did not apply.
7. There was no cumulative error.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.